IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Gwendolyn Singleton,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Crothhall Healthcare; Manager Cerdick; Mrs. Brown,<br><br>　　　　　Defendants. | Civil Action No. 5:26-cv-627-CMC<br><br><br>**ORDER** |

Through this action, Plaintiff Gwendolyn Singleton ("Plaintiff") seeks recovery from her former employer, Defendant Crothhall Healthcare, and two of its employees, Cerdick and Brown ("Defendants"), for alleged violations of Title VII, the ADEA, and the ADA.  Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

On May 28, 2026, the Magistrate Judge entered an Order and Report and Recommendation, recommending the case be dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. Dkt. No. 25. She found that, although Plaintiff alleged claims under federal statutes, her factual allegations did not support causes of actions under those or any other federal statute. *Id.* at 4-5. Specifically, there were no allegations Plaintiff's race or age factored into any adverse employment action, or that Plaintiff was disabled within the meaning of the ADA. To the extent Plaintiff alleges she was terminated in retaliation for refusing to accept a settlement offer in her worker's compensation claim, such a claim would arise under South Carolina worker's compensation law, not federal law. Finally, there is no federal claim for

unused vacation time. *Id.* at 5. The Report also concluded diversity jurisdiction did not apply as all parties are residents of South Carolina. *Id.* at 5-6.

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff timely submitted multiple filings. Dkt. Nos. 34, 35, 37.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff's first filing was styled as a motion to reconsider and grant relief from final judgment pursuant to Rule 60(b)(2), and has medical records attached. Dkt. No. 34. The second is a motion to proceed in forma pauperis. Dkt. No. 35. The third was a letter to the Clerk of Court, filed on the docket as objections to the Report, and states as follows in its entirety:

2

> To protect my rights based on evidence I presented I filed an Amended Complaint to conform to the evidence under Rule 15(b) combined with your motion for a new trail [*sic*] under Rule 59 explicitly state that because outside evidence was introduced to the court was required by Rule 12(b) to treat the matter under a summary judgment standard rather than a straight 12(b)(6) dismissal. To help tailor the exact language and counseling and knowledge for the motion, for what specific type of evidence did I present and judge already signed a final order dismissing the case.

Dkt. No. 37 at 1-2 (errors in original).

None of these documents contain specific objections aimed at explaining the issue raised by the Report: how the court has subject matter jurisdiction over the case. Instead, they are largely gibberish and do not relate to the procedural posture of the case. The court has not entered a final judgment, nor has Defendant filed a Rule 12(b)(6) motion that may need to be converted to one for summary judgment. Medical records, filed as "evidence," are not necessary to support a motion to reconsider, as there was no reason for a reconsideration motion to be filed. Finally, as noted by the Magistrate Judge, Plaintiff has already been granted the ability to proceed in forma pauperis, see Dkt. No. 12, and so her new motion to do so was unnecessary.

3

Accordingly, after de novo review of the record, the applicable law, the Report, and Plaintiff's filings, and for the reasons above, the court agrees with the Report and adopts and incorporates it by reference into this Order. There does not appear to be subject matter jurisdiction over this case. Therefore, this matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 4, 2026

4